IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| V. | § | No. 3:08-cr-268-B (03) |
| | § | |
| JOSE JUAN HERNANDEZ | § | |
| (BOP Register No. 38507-177), | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Defendant Jose Juan Hernandez, a federal prisoner, currently incarcerated at Oakdale II FCI, in Oakdale, Louisiana, has filed a *pro se* Motion to Order Nunc Pro Tunc Designation and/or to Correct Judgment and Commitment to Reflect Correct Sentence Computation [Dkt. No. 450]. United States District Judge Jane J. Boyle has referred the motion to the undersigned United States magistrate judge for hearing, if necessary, and recommendation or determination. *See* Dkt. No. 451.

The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should deny Hernandez's requested Federal Rule of Criminal Procedure 36 relief with prejudice, and, because the Court lacks jurisdiction to consider relief under 28 U.S.C. § 2241 as to Hernandez, the Court also should deny his request that this Court order the Federal Bureau of Prisons ("BOP") "to rectify his sentencing computation to start ... the day of his original arrest," Dkt. No. 450 at 7, without prejudice to Hernandez's reasserting that request in the district in which he

is incarcerated.

## Applicable Background

Hernandez's drug conspiracy guilty plea resulted in a sentence of 188 months' imprisonment. *See* Dkt. No. 361. In the written judgment, the Court recommended "placement in the Institution Residential Drug Abuse Treatment Program" and "placement at FCI, Seagoville, Texas." *Id.* at 2. But, during the sentencing hearing, the Court also indicated that it would order Hernandez's federal sentence to run concurrently with an already-imposed California state sentence for the same offense. *See* Dkt. No. 382 (sentencing hearing tr.) at 26-27.

> THE COURT: Is there anything else from the government?
> MR. GUESS: Your Honor, I would recommend that you order your sentence to run concurrent with the state sentence that Mr. Hernandez received in California that was pursuant to his plea of guilty on this same offense, so I think it would be appropriate.
> THE COURT: Yes. I appreciate that, and I can do that, I can order it to run concurrently with an already-imposed state sentence, and I will do so.
> THE DEFENDANT: Thank you.

*Id.*

This pronouncement, however, was not incorporated into the written judgment.

The Court's judgment has been affirmed on appeal. *See United States v. Hernandez*, 647 F.3d 216 (5th Cir. 2011) (finding no error in the denial of his suppression motion). And Hernandez has been denied relief pursuant to 28 U.S.C. § 2255. *See Hernandez v. United States*, Nos. 3:12-cv-921-B-BK & 3:08-cr-268-B (03), 2013 WL 625752 (N.D. Tex. Jan. 29, 2013), *rec. adopted*, 2013 WL 632107 (N.D. Tex. Feb. 20, 2013), *aff'd*, No. 13-10264 (5th Cir. Nov. 7, 2014).

Hernandez raised the concurrent-sentences issue during his Section 2255 proceeding. *See Hernandez*, 2013 WL 625752, at *5 ("In his Reply, Petitioner confirms that his fourth ground does not raise a time-credit issue, but only challenges the trial court's failure to order that his federal sentence be served concurrently with his California state sentence as discussed at sentencing."). The Court found that, to the extent that Hernandez was complaining of an error by the Court that could be redressed in a Section 2255 proceeding, Hernandez had waived his right to contest his conviction and sentence in collateral proceedings through his plea agreement, which waiver he did not challenge as to voluntariness. *See id.*

But the government did investigate the issue:

Because the judgment was silent concerning whether the federal sentence was to run concurrently or consecutively to any other sentence, the [Assistant United States Attorney representing the government in the Section 2255 proceeding], in correspondence copied to the Court and Petitioner, communicated with the [BOP] to ensure that its records reflected the Court's order to run the federal sentence concurrently with the California conviction. In response, the BOP explained that, because Hernandez was paroled from his California sentence on March 3, 2010 – prior to his federal sentencing – there was no undischarged state sentence with which his federal sentence could run. The BOP further stated that the Court might have considered a downward departure under USSG 5K2.23; however, its review of the record did not indicate that the Court intended to do so.

*Hernandez v. United States*, No. 3:12-cv-921-B-BK (N.D. Tex.), Dkt. No. 11 (government's response to the magistrate judge's findings of fact, conclusions of law, and recommendation).

In its order adopting the magistrate judge's recommendation, the Court declined "to treat its judgment providing for a concurrent sentence as a downward departure

under USSG § 5K2.23." *Hernandez*, 2013 WL 632107, at *1.

> The fact that Defendant was released from his state sentence before he was sentenced in this Court – leaving no undischarged term of imprisonment with which to run his federal sentence concurrent – does not justify such action. *See United States v. Cibrian*, 374 F. App'x 524, 529-30 (5th Cir. 2010) (unpublished per curiam) (fact that concurrent-sentence order "is 'impossible' to fulfill stems not from an inherent flaw on the face of the court's sentencing papers ... but from the very practical problems that arise in carrying out overlapping state and federal sentences in a dual sovereignty," and amounts to nothing more than a "happenstance [that] does not render the sentence illegal."); *see also United States v. Labeille-Soto*, 163 F.3d 93, 98 (2nd Cir. 1998) (once a state sentence is fully discharged it cannot be made to run concurrently with another sentence).

*Id.*

Hernandez now seeks to amend the Court's judgment "to reflect a reference to its sentencing order that his sentences be ran concurrently" and also requests that the Court "order the BOP to rectify his sentencing computation to start ... the day of his original arrest." Dkt. No. 450 at 7.

**Legal Standards and Analysis**

Federal Rule of Criminal Procedure 36

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization. Methods of altering a sentence after it has been entered include a direct appeal, a collateral attack under 28 U.S.C. §§ 2241 or 2255, a motion under 18 U.S.C. § 3582(c), and a motion under Federal Rule of Criminal Procedure 36." *United States v. Martinez*, No. 1:09-cr-74 TS, 2014 WL 2515315 (D. Utah June 4, 2014) (citations and internal quotation marks omitted). Of these alternatives, "Rule 36 is the appropriate remedy to make the

judgment and commitment papers conform to the sentence pronounced orally." *United States v. Nunez*, 168 F. App'x 653, 654 (5th Cir. 2006) (per curiam) (quoting *Cook v. United States*, 426 F.2d 1358, 1360 (5th Cir. 1970)).

Unlike, for example, correcting a sentence for clear error under Federal Rule of Criminal Procedure 35(a), "[a] district court 'may at any time correct a clerical error in a judgment' that arises from an 'oversight or omission.'" *United States v. Roth*, 359 F. App'x 453, 454 (5th Cir. 2009) (per curiam) (quoting FED. R. CRIM. P. 36). "A clerical error occurs when 'the court intended one thing but by merely clerical mistake or oversight did another.'" *Id.* (quoting *United States v. Buendia-Rangel*, 553 F.3d 378, 379 (5th Cir. 2008) (in turn quoting *United States v. Steen*, 55 F.3d 1022, 1026 n.3 (5th Cir. 1995))).

To the extent that the Court meant to reduce to writing its oral order that Hernandez's federal sentence run concurrently with an already-imposed California state sentence for the same offense, and to the extent that the failure to include such an order in the judgment was an oversight or omission, Rule 36 may provide the appropriate remedy. But, because Hernandez's state sentence was discharged prior to his sentencing in this Court, as explained above, which left "no undischarged term of imprisonment with which to run his federal sentence concurrent," *Hernandez*, 2013 WL 632107, at *1, amending Hernandez's judgment at this time makes no practical sense, particularly since it appears that the BOP is very aware of the variance between the oral sentence and the judgment as written. *Cf. United States v. Shaw*, 920 F.2d 1225, 1231 (5th Cir. 1991) ("In this Circuit, it is well settled law that where there is any

variation between the oral and written pronouncements of sentence, the oral sentence prevails.").

Section 2241

Hernandez also appears to request relief – that the BOP be ordered "to rectify his sentencing computation to start ... the day of his original arrest," Dkt. No. 450 at 7 – that this Court lacks jurisdiction to consider.

"[C]laims related to time computations for federal sentences are properly brought pursuant to [28 U.S.C.] § 2241." *United States v. Turro*, No. 3:90-cr-323-B-BH (02), 2009 WL 2596616, at *1 (N.D. Tex. Aug. 20, 2009) (citing *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *United States v. Garcia-Gutierrez*, 835 F.2d 585, 586 (5th Cir. 1988)); *see also Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) ("Section 2241 is the proper procedural vehicle if a prisoner 'challenges the execution of his sentence rather than the validity of his conviction and sentence.'" (quoting *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992)).

But "a federal prisoner who challenges the manner in which his or her sentence is executed must file a § 2241 habeas petition in the district in which he or she is incarcerated." *Turro*, 2009 WL 2596616, at *1 (citing *Lee v. Wetzel*, 244 F.3d 370, 373-75 (5th Cir. 2001)). This is because "[d]istrict courts are limited to granting habeas relief 'within their respective jurisdictions.' 28 U.S.C. § 2241(a)" – language that the United States Supreme Court has "interpreted ... to require 'nothing more than that the court issuing the writ have jurisdiction over the custodian.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quoting *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S.

484, 495 (1973)).

Therefore, because Oakdale II FCI, where Hernandez is currently incarcerated, is in Allen Parish, which is in the Western District of Louisiana, *see* 28 U.S.C. § 98(c), to the extent that Hernandez's motion requests relief cognizable under Section 2241, the Court should deny the motion without prejudice to his right to seek such relief in the district where he is incarcerated.

## Recommendation

The Court should deny Hernandez's requested Federal Rule of Criminal Procedure 36 relief with prejudice and also should deny Hernandez's request that this Court order the Federal Bureau of Prisons ("BOP") "to rectify his sentencing computation to start ... the day of his original arrest," Dkt. No. 450 at 7, without prejudice to Hernandez's reasserting that request in the district in which he is incarcerated.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 19, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE